**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANGIE ESTEFANIA
BATRES GONZALEZ,

      Petitioner,

v.                                          Civ. No. 26-590 JB/GBW

WARDEN, *Otero County*
*Processing Center*, *et al.*,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Petitioner Angie Estefania Batres Gonzalez'

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) (*doc. 1*) and

pursuant to the Order of Reference (*doc. 5*).  I RECOMMEND granting the Petition for

the reasons explained below.

## I.    Background

Petitioner is a native and citizen of Guatemala and a noncitizen of the United

States.  *Docs. 6-1*, *6-2*.  On August 25, 2024, Petitioner entered the United States without

inspection.  *Doc. 6-1*.  She encountered a Border Patrol agent in the Brown Field Border

Patrol Station's area of responsibility and was arrested.[1]  *Id*. at 3.  On August 26, 2024,

Petitioner was served with a Notice to Appear (NTA), Form I-862, charging her as

---

[1] In her reply brief, Petitioner asserts that she did not "evade" immigration authorities but "voluntarily presented herself upon entry and was granted parole."  *Doc. 8* at 1.  To the extent her assertions contradict the facts listed above, or suggest that Petitioner presented as an arriving alien at a port of entry, they are controverted by the documentary evidence.

inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  *Doc. 6-2*; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  The NTA provided notice of the time, date, and location of her hearing, which was set for February 20, 2025, in El Paso, Texas. *Doc. 6-2* at 1.  Petitioner was immediately thereafter released on her own recognizance. *Doc. 6-4*.

On December 3, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement (ICE).  *See doc. 1* at 9; *doc. 6* at 1.  On January 16, 2026, the immigration judge entered an order of removal.  *Doc. 6-5*.  Petitioner filed an appeal on February 18, 2026, *doc. 6-6*, which is currently pending.  Petitioner remains in detention.  *See doc. 10*.

## II.     Standard of Review

Section 2241 extends the writ of habeas corpus to individuals "in custody under or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687– 88 (2001)).

Two distinct provisions of the INA authorize the Government to detain citizens with pending removal proceedings: § 1225 and § 1226.  *Santillan Quiroz v. Mullin*, __ F.4th __, 2026 U.S. App. LEXIS 19162, at *7 (10th Cir. June 30, 2026); *see* 8 U.S.C. §§ 1225, 1226.  Section 1225 "authorizes the Government to detain certain aliens seeking admission into the country," while § 1226 "authorizes the Government to detain certain aliens already in the country."  *Santillan Quiroz*, 2026 U.S. App. LEXIS 19162, at *11

2

(quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).  Relevant to Petitioner's claims, § 1225 imposes mandatory detention with no requirement or provision for a bond hearing.  8 U.S.C. §§ 1225(b)(1)(B)(iii)(IV), 1225(b)(2)(A); *Jennings*, 583 U.S. at 297 ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  Conversely, § 1226 permits the Attorney General to release the applicant on bond except under certain enumerated conditions not applicable here.[2]  8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 303.

### III.    Analysis

Petitioner challenges her continued detention without an individualized bond hearing.[3]  *Doc. 1*.  She requests immediate release from detention or, in the alternative, a court-ordered bond hearing before an immigration judge.  *Id*. at 10.  Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2) because she is present in the United States without being admitted or paroled, and therefore is "seeking admission" in the meaning of the INA.  *Doc. 6* at 2.

In the time since the parties briefed their arguments, the Tenth Circuit issued its decision in *Santillan Quiroz*, holding that § 1225(b)(2)(A) is "limited to the border" and does not apply to noncitizens who entered illegally and are already present in the

---

[2] Section 1226(c) imposes mandatory detention for "enumerated categories involving criminal offenses and terrorist activities."  *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018); *see* § 1226(c)(1). Respondents have not argued that any of those categories apply to Petitioner.

[3] Ostensibly, Petitioner raises three grounds for relief under § 2241: that her continued detention without an individualized bond hearing (1) violates the Fifth Amendment Due Process Clause, (2) is excessive and unconstitutional, and (3) violates constitutional protections.  *Doc. 1*.  Because the three grounds are similar and all of them relate to whether Petitioner is legally subject to mandatory detention, the undersigned does not analyze them separately.

United States.  2026 U.S. App. LEXIS 19162, at \*15–19.  In other words, noncitizens like Petitioner, who was apprehended in the interior of the United States after crossing the border, are not "seeking admission" under § 1225(b)(2)(A) but are instead detained pursuant to § 1226.  The fact that Petitioner applied for asylum, *see doc. 6* at 2, is immaterial to her status.  The Tenth Circuit has stated explicitly that a noncitizen who enters unlawfully and later seeks a post-entry adjustment of status, such as asylum, is not "seeking admission."  *Santillan Quiroz*, 2026 U.S. App. LEXIS 19162, at \*16.  The undersigned therefore concludes that Petitioner is not subject to mandatory detention under § 1225(b)(2)(A), but rather is detained under § 1226(a) and eligible for bond.[4]

Respondents acknowledge that *Santillan Quiroz* is binding on this Court and that it squarely rejects the argument they have advanced in this case.  *See doc. 13*. Accordingly, although they disagree with the reasoning of *Santillan Quiroz* and reserve the right to challenges its correctness on appeal, Respondents "do not object to an order requiring a bond hearing."  *Id*. at 3.  The undersigned agrees this is the correct remedy and recommends that the Court order the Government to provide a bond hearing or release Petitioner within seven days of its decision.  *See Santillan Quiroz*, 2026 U.S. App.

---

[4] Although Petitioner was ordered removed, the order of removal is not administratively final because her appeal remains pending.  *See Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to' petition the BIA for review of the order." (quoting 8 U.S.C. § 1101(a)(47)(B)).  Therefore, Petitioner is detained pursuant to § 1226 and not § 1231. *See* 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on . . . [t]he date the order of removal becomes administratively final."); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025) ("Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal." (citing *Jennings*, 583 U.S. at 287–89)).

4

LEXIS 19162, at *43 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a) . . . the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

## IV.    Conclusion

For the foregoing reasons, I RECOMMEND that:

(1) The Petition (*doc. 1*) be GRANTED;

(2) The Government be ORDERED to either provide Petitioner with a bond hearing or release her within seven days of the Court's decision; and

(3) Petitioner's Motion to Expedite Consideration (*doc. 9*) be DENIED AS MOOT.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**